ANSELM v. ANSELM

[No. 17,692. Filed March 22, 1948.]

*Robert E. Coates* and *Thurl C. Rhodes,* both of Indianapolis, attorneys for appellant.

*L. Russell Newgent,* of Indianapolis, attorney for appellee.

PER CURIAM.—The appellant, having failed to secure a reversal of the above entitled cause, filed her petition requesting a transfer to this court. A single ground for a transfer is asserted in the petition as follows:

"That the opinion of the Appellate Court contravenes a ruling precedent of the Supreme Court of the State of Indiana. That the ruling precedent of the Supreme Court of Indiana upon which the appellant relies is set out in State, Ex Rel Western

Construction Company v. Board of Commissioners of the County of Clinton, 166 Ind. 162 (1905). In that case, the Supreme Court stated on page 201 that in construing the decision and judgment in a cause, general· language must give way to specific, and ambiguous language must be controlled by that which is certain."

We have read the case cited and note that there this court was attempting to determine the extent to which it was bound by a prior opinion in the same case. The opinion, in the instant matter, does not say anything that is or was contrary to that announced in the opinion which is cited. In fact the appellant does not attempt to show any clash of ideas or language between the opinion in the instant case and the one upon which she relies to support her contention that the Appellate Court opinion contravenes a ruling precedent of this court. The fault which the appellant seems to stress is that the opinion in this case does not properly construe the finding and judgment of the lower court. What the judgment of the lower court was or what questions were presented below we do not know. We cannot be expected to rule on matters which are presented for the first time in this court, and this seems to be a matter of that kind.

The petition to transfer is based upon Supreme Court Rule 2-23 (4) (a). We have before us the opinion of the Appellate Court and the petition to transfer. No briefs on the merits have been filed with this court to show that the appellant requested the Appellate Court to construe the judgment of the lower court in conformity with her present contention. The ground upon which the petition is based raises no question because the decision claimed to be contravened is not in any way affected. It may be that other

grounds could have been asserted, but this we need not determine. In our refusal to transfer we merely hold that the petition to transfer does not raise a substantial question for our determination. The petition to transfer is therefore denied.

Note.—Reported in 78 N. E. 2d 31.