Joseph A. BILLMAN, Jr. and Diane R. Billman, Defendants-Appellants,

v.

James F. HENSEL and Carole A. Hensel, Plaintiffs-Appellees.

No. 3–677A143.

Court of Appeals of Indiana, Third District.

July 5, 1979.

Howard S. Grimm, Jr., Grimm & Grimm and Jerry L. McIntosh, Fort Wayne, for defendants-appellants.

Jack R. Notestine, Notestine & Trotter, Fort Wayne, for plaintiffs-appellees.

GARRARD, Presiding Judge.

The Hensels, as sellers, entered into a contract to sell their home to the Billmans (the buyers) for $54,000 cash. A condition of the contract was the ability of the buyers to secure a conventional mortgage on the property for not less than $35,000 within thirty (30) days. When the buyers did not complete the purchase, the sellers commenced this suit to secure a thousand dollars ($1,000) earnest money/liquidated damage deposit required by the contract. The buyers defended upon the basis that they were relieved from performing. The case was tried by the court and judgment was entered in favor of the sellers. The sole question raised on appeal is whether the court properly determined that the buyers were not excused from performance. We affirm.

The parties do not dispute, nor do we, that the "subject to financing" clause constituted a condition precedent in the contract. *See, e. g., Blakley v. Currence* (1977), Ind.App., 361 N.E.2d 921; *Capitol Land Co. v. Zorn* (1962), 134 Ind.App. 431, 184 N.E.2d 152. It is also undisputed that the buyers did not, in fact, secure a mortgage loan commitment within the contractual period.

The evidence at trial disclosed that on September 30, the day following execution of the contract, Mr. Billman met with an agent of the Lincoln National Bank and Trust Company of Fort Wayne. Billman was told that he could not obtain a mortgage loan of $35,000 unless he could show he had the difference between the purchase price and the amount of the mortgage. After totaling his available resources, including a 90 day short term note for $10,000 representing the proceeds from the sale of his present home, Billman was $6,500 short of the required $19,000 balance. On October 1st, the Hensels deposited the earnest money check into their account. Billman called Mr. Hensel to tell him that he was close on the financing and requested permission to show the home to his parents on October 3rd.

The Billmans and Mr. Billman's parents went through the house by themselves. The Hensels overheard Mr. Billman's father tell Mr. Billman that "I think I'd be careful with this . . . I'm afraid of it." The Billmans returned without the parents later that same day. Mr. Billman told the Hensels that the deal was off because his parents were unable to loan him the $5,000 needed to complete his financing. The next day, Mr. Hensel told Mr. Billman that he would reduce the price of the home by $5,000. Mr. Billman refused to consider such a reduction, stating that he still needed another $1,500. The Billmans did not deposit funds to cover the check given as earnest money, and Mrs. Billman stopped payment on the check on October 4th.

The Billmans contacted only one financial institution concerning a mortgage loan, and made no formal loan application whatever. They limited discussion to a loan of $35,000 although they subsequently claimed to have required more. When Billman told Hensels

he was cancelling the sale, he stated the reason was that his parents would not give him $5,000 for the purchase. However, prior to that time he had not mentioned relying upon any assistance and had instead assured Hensels they had all the money needed to complete the sale. Then when Hensels offered to reduce the price by the figure Billman had mentioned, he stated he needed yet an additional $1,500.

We believe the better view to be that such subject to financing clauses impose upon the buyers an implied obligation to make a reasonable and good faith effort to satisfy the condition. *See, e. g., Fry v. George Elkins Co.* (1958), 162 Cal.App.2d 256, 327 P.2d 905; *Lach v. Cahill, et al.* (1951), 138 Conn. 418, 85 A.2d 481; *Stabile v. McCarthy* (1957), 336 Mass. 399, 145 N.E.2d 821; *Rand v. B. G. Pride Realty* (Me.1976), 350 A.2d 565; *Reese v. Walker* (1958), 60 Ohio Op.2d 55, 77 Ohio Law Abst. 583, 151 N.E.2d 605; *Anaheim Co. v. Holcombe* (1967), 246 Or. 541, 426 P.2d 743; 1 Corbin Contracts (3rd Ed. 1963), § 95; Anno. 78 A.L.R.3d 880.

Such an interpretation not only comports with the reasonable expectations of the parties, but is a logical extension of the sound rule of contract law that a promisor cannot rely upon the existence of a condition precedent to excuse his performance where the promisor, himself, prevents performance of the condition. *See* 5 Williston On Contracts (3rd Ed.) § 677, p. 224; *Gulf Oil Corp. v. American Louisiana Pipeline Co.* (6th Cir. 1960), 282 F.2d 401.

We recognize that the First District's decision in *Blakley v. Currence* (1977), Ind.App., 361 N.E.2d 921 refused to impose such an obligation where the condition was not expressed in terms of the *ability* of the buyers to secure financing. We need not reach that question on the facts before us, although we believe the rule in *Blakley* should be limited to the facts there present.

Here the condition imposed was that the buyers be *able* to secure a conventional mortgage of *not less than* $35,000. From the evidence recited above the court was justified in concluding that the sellers had carried their burden of proof by establishing that the buyers did not make a reasonable and good faith effort to secure the necessary financing,[1] and therefore could not rely upon the condition to relieve their duty to perform.

Affirmed.

HOFFMAN and STATON, JJ., concur.

---

1. Note that ordinarily this burden will fall upon the buyer who must bring suit seeking return of his earnest money.