**John G. NICHOLLS, Appellant (Defendant and Counter-Plaintiff Below),**

v.

**Georghios D. PITOUKKAS and Katerina G. Pitoukkas, Appellees (Plaintiffs and Counter-Defendants Below).**

No. 2–185A5.

Court of Appeals of Indiana, Second District.

April 21, 1986.

Donald L. Daniel, Lafayette, for appellant (defendant and counter-plaintiff below).

John M. Sorenson, Lafayette, for appellees (plaintiffs and counter-defendants below).

SHIELDS, Judge.

John G. Nicholls appeals adverse judgments in an action between him and Georghios D. Pitoukkas and Katerina G. Pitoukkas.

We affirm.

On September 1, 1982, Mr. and Mrs. Pitoukkas, as purchaser, and Nicholls, as seller, entered into a real estate purchase agreement. The agreement provided, in part, as follows:

"TIME FOR OBTAINING FINANCING. Purchaser agrees to make application(s) for any financing necessary to complete this transaction or for approval to assume the unpaid balance of the existing mortgage within 6 days after acceptance of this Purchase Agreement and to make a diligent effort to obtain financing in cooperation with the Broker and Seller. No more than 21 days after the accept-

ance of this Purchase Agreement shall be allowed for obtaining favorable commitment(s) or approval of mortgage assumption. If commitment(s) or approval is not obtained within the time specified above, this Agreement shall then terminate unless an extension of time for this purpose is granted in writing by Seller and accepted by Purchaser."

Record at 96.

Mr. and Mrs. Pitoukkas did not make any effort to obtain financing until September 23, 1982. Their effort then was unsuccessful[1] and they did not complete the purchase of the real estate. Nicholls eventually sold his residence to another party.

Mr. and Mrs. Pitoukkas sued to recover their $1000 down payment. Nicholls counter-claimed to recover the differential in sales price and other consequential damages. The trial court entered judgment for Mr. and Mrs. Pitoukkas and against Nicholls for the $1000 down payment and against Nicholls on his counter-claim.

Nicholls concedes that had Mr. and Mrs. Pitoukkas applied for a mortgage loan within the agreed upon six (6) day period, given truthful answers, and then not qualified for financing, he would have had no cause of action. Appellant's brief at 14. However, he argues the trial court's decision is erroneous because Mr. and Mrs. Pitoukkas, as the promisors, cannot rely upon the existence of the condition precedent financing clause to excuse their performance when they, as promisors, prevented performance of the condition by failing to make a good faith and diligent effort to obtain financing.[2]

Mr. and Mrs. Pitoukkas respond the trial court properly concluded they did not breach the agreement or prevent its performance because the undisputed evidence is they could not have obtained a favorable commitment due to their low income level even had they made an application within the six (6) day contractual time period.

It is true, as Nicholls argues, that the contractual language required Mr. and Mrs. Pitoukkas (1) to make an application for financing within six (6) days and (2) to make a diligent effort to obtain financing. Further, the undisputed evidence is Mr. and Mrs. Pitoukkas did not apply for financing within the required six (6) days. However, the trial court could properly conclude neither the tardiness of their application nor the lack of a diligent effort to obtain financing constituted an actionable breach, i.e., they were breaches wholly without consequence. The evidence is undisputed that had Mr. and Mrs. Pitoukkas been both timely and diligent the situation would not have changed in the slightest and the same result would have followed. Mr. and Mrs. Pitoukkas could not have obtained financing had they made ten timely and diligent applications for financing.[3] By its terms the agreement was inevitably going to terminate twenty-one (21) days after the acceptance date. Accordingly, under the particular circumstances of this case, the breaches in timeliness and diligence, if they be so regarded, are wholly immaterial. *Saltzman v. McCombs* (1955), 71 Nev. 93, 281 P.2d 394.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

1. The lack of success was dictated by a comparison of Mr. and Mrs. Pitoukkas' gross income ($806 per month) with the anticipated mortgage payment ($719.58 per month including taxes and insurance).

2. Nicholls does not separately argue any error in the trial court's judgment for Mr. and Mrs. Pitoukkas on their complaint. Therefore, we have assumed, as does Nicholls, that the judgment on the complaint stands or falls with the judgment on the counterclaim.

3. It is this undisputed fact which distinguishes this case from *Billman v. Hensel* (1979), 181 Ind.App. 272, 391 N.E.2d 671. In *Billman* the evidence did not exclude the possibility a reasonable and good faith effort to obtain financing would have been successful.