William L. BAKER, Jr. and Julie A. Baker, Appellants (Defendants Below)

v.

Craig E. TOWNSEND and Robin Townsend, Appellees (Plaintiffs Below).

No. 34A02–8609–CV–335.

Court of Appeals of Indiana, Second District.

Feb. 17, 1988.

Joseph A. Noel, Noel & Noel, Kokomo, for appellants.

J. Conrad Maugans, Bayliff Harrigan Cord & Maugans, Kokomo, for appellees.

SHIELDS, Presiding Judge.

William and Julie Baker appeal the trial court's decision rescinding a contract under which they agreed to sell a tract of undeveloped land to Craig and Robin Townsend. The Townsend's cross-appeal, asserting the trial court erred in failing to award them their attorney's fees. We affirm.

### FACTS

Townsends initiated this action against the Bakers to rescind a contract in which they agreed to purchase real estate on the grounds of fraud and the failure of a contingency. Bakers counterclaimed for the balance due under the contract. The trial court entered a judgment for Townsends and against Bakers on both the complaint and counterclaim. The facts relevant to the resolution of this appeal were found by the trial court as follows:

2. On February 15, 1983, defendants signed [a second] Exclusive Employment Contract with Larry F. Wells and Associates, Inc., listing [their] property for sale located at 250 S 350 W described as a "Lot" and as a "Vacant Lot Approx 2.25 Acres Corner of Co. Rd. 250 So. & 350 West" and as "Pt NW4 Sec4." This agreement also provided, "Owner can take listing off market if he decides to build and Larry F. Wells Agency does not have buyer for said property...."

6. Plaintiffs made an offer to purchase said real estate for the sum of Twelve Thousand Dollars ($12,000.00) dated February 20, 1983, which was accepted by defendants on February 21....

7. A soil report was filed with the Howard County Plan Commission on or about March 15, 1983, which provided that subsurface drainage would be required for this real estate.

8. The said real estate could not be drained without a subsurface tile drain draining the water across land owned by others.

9. Without said subsurface drainage this real estate cannot be approved for a subdivision lot on which either a septic system or a house could be built....

16. On March 26, 1983, the plaintiffs and defendants executed the contract, plaintiffs' Exhibit A, and paid the Four Thousand Dollars ($4,000.00) down called for in the said offer to purchase. At said closing, the said contract was read and explained to defendants. Said contract dated March 26, 1983, contained the following contingency:

"This contract is contingent upon obtaining a permit from the Health De-

partment for the building of a house, well and septic tank."

Plaintiffs thereafter paid to defendants installment payments totalling One Thousand Eight Hundred Sixty–Nine Dollars and Seventy–Eight Cents (1,869.78) and have tendered into this Court the sum of Six Thousand Eight Hundred Fourteen Dollars and Ninety–Nine Cents ($6,814.99).

17. A permit to build a house is issued by the Howard County Plan Commission, but such a permit cannot be obtained unless as a condition precedent the Health Department of the county first issues a permit for a septic system. Therefore a building permit cannot be obtained without the appropriate permit first being issued by the Health Department. The contract is construed as being contingent only upon obtaining a well and septic permit from the Howard County Board of Health, thus making it possible for plaintiffs to obtain a Building Permit thereafter if they desired.

18. There has never been issued on this real estate a permit for a septic tank or system, nor a permit for a well, so that a permit for a building cannot be obtained and for [sic] contingencies contained in both the offer to purchase and the contract dated March 26, 1983, have not been fulfilled.

19. The stated contingencies are not based upon the "ability" to obtain said permits and the contracts do not specify who is to obtain the permits. Either party could have obtained said permits.

20. A reasonable time for the obtaining of such permits to fulfill the contingencies was the period of time prior to February 24, 1984, when the entire unpaid balance under the contract was due.

21. The contingencies have not been fulfilled, and the plaintiffs are not required to pay defendants the sums under the contract and the parties should be returned to the status quo.

22. Defendants, by the above actions taken in February, 1983, represented by implication to all parties concerned, including plaintiffs, that the said real estate would be subdivided and suitable for use as a building lot. Plaintiffs relied upon said representations in signing the contract dated March 26, 1983 and in paying money to defendants under said contract. . . .

25. The Real Estate can be and should be returned to the defendants.

Record at 55–59.

Pursuant to the Baker's motion to correct error, the trial court concluded that attorney fees to the Townsends were not warranted and entered modified finding #24:

24. The plaintiffs are entitled to recover from defendants the following sums:

| | | |
|---|---|---|
| Down payment of | $4,000.00 | |
| Interest at 8% from 3–26–83 | 463.99 | |
| Additional payments of | 1,869.78 | |
| Interest at 8% from 2–24–84 | 80.61 | |
| Amount Tendered to Court | 6,814.99 | (plus interest accrued on from the clerk's deposit) |
| SUB TOTAL | $13,229.37 | |
| Less the Income Received By Plaintiffs from the Land | 180.00 | |
| TOTAL | $13,049.37 | (plus interest accrued on the money tendered to the clerk of this court) |

Record at 76.

## DISCUSSION

The Bakers base their claim that the trial court's judgment of rescission is erroneous upon *Billman v. Hensel* (1979), 181 Ind.

App. 272, 391 N.E.2d 671. They argue *Billman* compels the conclusion that the Townsends incurred an implied obligation to make a reasonable and good faith effort to satisfy the contractual condition concerning the procurement of septic and building permits, and hence, their own inaction should not excuse their performance under the contract. The specific contract provision in question reads: "This contract is contingent upon obtaining a permit from the Health Department for the building of a house, well and septic tank." Record at 27.

*Billman* concerned a contract for the sale of real estate conditioned upon the ability of the purchasers to secure a conventional mortgage for not less than $35,000 within thirty (30) days. When the purchasers did not complete the purchase, the sellers sued to secure the earnest money/liquidated damage deposit required by the contract. In affirming the trial court's judgment for the sellers, this court held the condition precedent, *i.e.*, the ability-to-obtain financing clause, imposed upon the buyer an implied obligation to make a reasonable and good faith effort to satisfy the condition.

The Townsends argue that the failure to obtain permits, pursuant to the contingent-upon-obtaining-a-permit clause, excused their performance under the contract, requiring a return to the status quo. The Townsends rely upon *Blakley v. Currence* (1977), 172 Ind.App. 668, 361 N.E.2d 921. In *Blakley*, this court construed a subject-to-financing clause which did not refer to the buyer's "ability" to obtain financing, but only to the buyer's actual acquisition of loan approval. In reversing the trial court's judgment awarding damages to the sellers for the buyers' breach of contract this court refused to impose any implied obligation upon the purchasers because the specific and unambiguous language of the clause provided that loan approval, rather than the ability to obtain a loan, was an absolute condition precedent to the contract's enforcement.

The performance required by contractual condition precedent is different than the performance required by the condition in *Billman* and *Blakley*. However, a more basic distinction exists between the condition clauses in *Billman* and *Blakley* and the subject clause which renders them inapposite. The condition clauses in *Billman* and *Blakley* were also covenants. They imposed the responsibility to act, if at all, and in good faith or not, upon one party to the contract, the purchaser. Here, the condition clause is not also a covenant. It is a condition without any corresponding duty. The Bakers concede "[t]he contract failed to impose a duty on either of the contract parties ... to do the necessary [things] to accomplish subdivision approval." Appellants' brief at 34. "The written contract fails to impose that duty on Bakers or anyone else." *Id.* at 37. The Bakers' argument that reason dictates the Townsends should have been required to obtain the permits because of their unique knowledge concerning their proposed residence is meritless.[1]

Because the permits were not obtained within a reasonable time,[2] the condition precedent to the contractual right of rescission occurred, entitling either party to rescind the contract. The trial court did not err in ordering the contract rescinded and the parties returned to the *status quo*.

1. Furthermore, while their premise is not unsound, it is equally as plausible to reason that the Baker's, as prior owners, were in the best position to obtain the building and septic permits. The parties agree that subject real estate is not a subdivided lot. Further, the trial court found "that the proposed subdivision could not be approved without the expenditure of funds necessary to provide subsurface drainage over land owned by others and that it was possible permission might not be obtained from surrounding owners." Record at 58. Thus, it is reasonable to infer that the Bakers prior ownership of the subject ground and familiarity with the neighborhood placed them in a better position to approach the neighboring property owners for the required easements than the Townsends as new purchasers.

2. The trial court found the period prior to February 24, 1984, was the reasonable time in which either party could have fulfilled the condition, thereby avoiding the other party's right to rescind the contract. Neither the finding nor its effect is contested by the parties.

Bakers also assert the trial court's finding #22, referring to implied representations the Bakers made concerning the lot's suitability as a building situs, is not supported by the evidence. Inasmuch as that finding is extraneous to our affirmance of the trial court's judgment on the basis of an unfulfilled condition precedent any error in the finding is harmless. *Anselm v. Anselm* (1947), 118 Ind.App. 169, 75 N.E.2d 921, *transfer den.* 226 Ind. 98, 78 N.E.2d 31. Therefore, we do not consider the merits of this asserted error.[3]

Finally, the Bakers argue the trial court erred in failing to award them judgment for the balance due on the real estate contract, interest, attorney fees and costs. This asserted error fails because we affirm the trial court's judgment rescinding the contract, and, without a contract, there is no basis for the Bakers' claim.

As cross-error, the Townsends argue the special findings of fact warrant a conclusion of fraud, thus the trial court erred in failing to rescind the contract on the basis of fraud and, accordingly, award them attorney fees.

■■■ We need not determine whether a finding of fraud was warranted because a rescission of the contract based upon the theory of fraud would not support an award of attorney fees. The general rule in Indiana is that, in the absence of a contract or statute providing otherwise, attorney fees are not compensable damages. The Townsend's unpersuasively attempt to bring themselves within the "bad faith" exception discussed in *Cox v. Ubik* (1981), Ind.App., 424 N.E.2d 127, 129. Conduct within this exception must be "vexatious and oppressive in the extreme." *Id.* Further, an award of attorney fees under this exception is "punitive, designed to reimburse a prevailing party who has been dragged into baseless litigation...." *Cox,* 424 N.E.2d at 129. As a matter of law, the record in this case reveals this litigation was not baseless. A judgment in a party's

favor is not tantamount to a judgment that the losing party's position was baseless. Determination of this case required delicate application of complex principles of law to numerous factual controversies. The Baker's claim was not frivolous.

Judgment affirmed.

BUCHANAN and CONOVER, JJ., concur.

---

**3.** Bakers also contend "The trial court's Findings #21 ... 24 and 25 are clearly erroneous as is the judgment entered November 21, 1985." Appellant's Brief at 38. This bare conclusionary

allegation fails to comply with Indiana Rule of Appellate Procedure 8.3(A)(7) and will not be reviewed. *City of Hammond v. Beiriger* (1975), 164 Ind.App. 275, 328 N.E.2d 466.