**David BINFORD, Appellant (Plaintiff Below),**

v.

**Norman C. SHICKER and Cynthia A. Shicker, Appellees (Defendants Below).**

**No. 10A04–8903–CV–080.**

Court of Appeals of Indiana, Fourth District.

Feb. 26, 1990.

Rehearing Denied March 30, 1990.

Lee E. Buchanan, New Albany and Frank E. Spencer, Indianapolis, for appellant.

Gerald L. Fischer, Fischer & Fritch, Jasper, for appellees.

CHEZEM, Presiding Judge.

## Case Summary

Seller/Plaintiff/Appellant, David Binford, appeals the trial court's judgment in favor of Buyers/Defendants/Appellees, Norman and Cynthia Schicker. We affirm.

## Issue

I. Whether the trial court erred in finding that the contract for the sale of land was ambiguous.

## Facts

Norman Schicker was an employee of Binford. On July 24, 1986, Binford and the Schickers entered into a Lease Agreement and a Purchase Agreement for real estate located in Jeffersonville, Indiana. Both instruments were drafted by Binford's attorney.

On December 15, 1987 and January 11, 1988, Norman Schicker sent Binford the following letters:

December 15, 1987

... Enclosed is our rent for $1402.00 plus the real estate tax check for $100.00. I apologize for the delay, but we did not know where you were residing. We received this address from Hesco, hopefully it is correct. If any part is incorrect please let us know before we send our next check.

We have also enclosed a rejection of our loan application of 5662 Bailey Grant Rd. This, of course, necessitates us to give up the house. With our lease agreement expiring February 10, 1988, we will give up possession at that time. Please return to us our earnest money deposit of $1402.00 as quickly as possible.

January 11, 1988

... Enclosed is our last lease payment check. Since you have not returned our $1402.00 earnest deposit check as of today, I thought it would be easier to deduct this amount from our lease payment.

. . . . .

The keys will be mailed to you the middle of February. If your earnest deposit check arrives, we will tear it up and

return to [sic] you. As a reminder, the homeowners insurance will expire February 10, 1988. You will need to make arrangements.

On January 22, 1988, Binford filed a complaint against the Shickers for failure to pay rent for real estate pursuant to the lease agreement which was to terminate February 10, 1988.

On August 3, 1988, Binford filed a complaint alleging a breach of contract for the purchase of real estate. At trial, this action was consolidated with the action on the lease. The issue litigated was whether the Purchase Agreement was a conditional sale agreement or an absolute sale agreement. The section of the Agreement in question reads:

II. CONDITIONS OF SALE:

No later than eight (8) weeks prior to the date of this closing, the Buyer agrees to apply for a first mortgage loan in the approximate amount of One Hundred Fifteen Thousand Two Hundred Dollars ($115,200.00), the proceeds of which loan would be used in the acquisition of subject real estate.

A bench trial was held November 10, 1988, and the trial court entered findings of fact and conclusions of law and judgment in favor of the Schickers on December 27, 1988. The court concluded that the contract was conditional upon the Schickers obtaining financing; since the Schickers were unable to procure financing, they were under no obligation to purchase the real estate. Binford appeals the trial court's judgment regarding the purchase agreement.

Discussion and Decision

Before proceeding, we note that the Schickers have not provided us with a brief. Binford may prevail by making a prima facie showing of reversible error. *Costanzi v. Ryan* (1978), 175 Ind.App. 257, 370 N.E.2d 1333.

When a judgment is attacked as being contrary to law, we may neither reweigh the evidence nor judge the credibility of the witnesses. We may consider only the evidence most favorable to the judgment and all reasonable inferences to be drawn from that evidence. *Nylen v. Park Doral Apart.* (1989), Ind.App., 535 N.E.2d 178. The judgment will be disturbed as being contrary to law only where the evidence and inferences lead to but one conclusion opposite that found by the trial court. *Id.* at 181.

The intentions of the parties are to be determined from the "four corners" of the document. *Estate of Saemann v. Tucker Realty* (1988), Ind.App., 529 N.E.2d 126. "[T]he court will attempt to determine the intent of the parties at the time the contract was made as disclosed by the language used to express their rights and duties." *R.R. Donnelley & Sons v. Henry-Williams, Inc.* (1981), Ind.App., 422 N.E.2d 353, 356 (citation omitted). "The meaning of a contract is to be determined from an examination of all of its provisions, not from a consideration of individual words, phrases or even paragraphs read alone." *Id.*

■ Binford argues the trial court erred in finding the contract was ambiguous and admitting parol evidence. We disagree.

■ A contract will be found to be ambiguous only if reasonable persons upon reading the contract would differ as to the meaning of its terms. *Sharp v. Indiana Union Mut. Ins. Co* (1988), Ind.App., 526 N.E.2d 237, *reh. denied, trans. denied; see also, Kokomo Veterans, Inc. v. Schick* (1982), Ind.App., 439 N.E.2d 639 (when construing a contract, the court will not find uncertainty where a reasonable and logical interpretation will render the contract valid and enforceable). We think, under this standard, the meaning of the contract, when read in its entirety, is unclear. Provision II [1] provides that "no later than eight (8) weeks prior to the date of this closing, the Buyer agrees to apply for a first mort-

---

1. Provision II is a condition precedent. "A condition precedent may be a condition which must be satisfied before an agreement becomes enforceable or it may be a condition which must be fulfilled before the duty to perform an already existing contract arises." *Kokomo Veterans,* at 645.

gage loan ... the proceeds of which loan would be used in the acquisition of subject real estate." The first part of the provision clearly requires the Schickers to apply for financing at least eight weeks prior to closing. This provision could have referred to the Schickers' desire to close the deal only if they obtained financing, or it could have referred to the timeliness of closing.[2] However, the latter part of the provision is clearly conditional: assuming a loan was obtained, the proceeds would be used toward the purchase. Since the remainder of the contract contains no provision regarding the Schickers' inability to obtain financing, it is, at best, unclear what the parties' intentions were should the Schickers' efforts to obtain bank financing fail.

■■■ It is well-settled that where the language of a contract is ambiguous and thus susceptible to more than one interpretation, the contract is construed against the party whose attorney drafted it. *McGann v. Marsh Co., Inc. v. K & F Mfg. Co.* (1979), 179 Ind.App. 411, 385 N.E.2d 1183. Where a contract is ambiguous, parol evidence of prior and contemporaneous negotiations and statements is admissible to aid in the construction and to arrive at the intention of the parties. *Kruse Classic Auction v. Aetna Cas. & Sur.* (1987), Ind.App., 511 N.E.2d 326, *reh. denied, trans. denied.* Therefore, the trial judge did not err, as a matter of law, in allowing parol evidence to determine the intent of the parties.

■■ Binford also argues that the Schickers made no good faith effort to comply with the contract. Specifically, Binford argues that *Billman v. Hensel* (1979), 181 Ind.App. 272, 391 N.E.2d 671 and *Baker v. Townsend* (1988), Ind.App., 519 N.E.2d 192 require the Schickers to have made a reasonable and good faith effort to satisfy the contractual condition regarding finance.

In *Billman,* the clause in the contract read "subject to financing." 391 N.E.2d at

672. The court affirmed the trial court's judgment for the sellers and held the subject to financing clause imposed upon the buyers an implied obligation to make a reasonable and good faith effort to satisfy the contract. *Id.* 391 N.E.2d at 673. There was no evidence presented that the buyer made a reasonable effort to comply with the contract. *Id.* 391 N.E.2d at 672–673. *Baker* is not applicable here.[3]

The Schickers applied to three banks. They forwarded a copy of their letter of rejection from the German American Bank to Binford in their December 15, 1987 letter. Further, the Schickers contacted two other financial institutions in the Jeffersonville area; their loan requests were rejected. The Schickers made a reasonable and good faith effort to satisfy the contractual condition; their actions distinguish this case from *Billman.*

Although Binford argues that *Blakley v. Currence* (1977), 172 Ind.App. 668, 361 N.E.2d 921 is distinguishable, it is actually dispositive under these facts. In *Blakley,* the clause in the contract read "subject to loan approval." *Id.* 361 N.E.2d at 922. The court stated "the clause is specific and unambiguous ... and required the existence of final loan approval before the [buyers'] duty to perform attached." *Id.* 361 N.E.2d at 923. In essence, because the clause did not refer to the buyer's "ability" to obtain financing, but only to the buyer's actual acquisition of loan approval, the court refused to impose any implied obligation upon the buyers. *Baker* 519 N.E.2d at 195.

The judgment of the trial court is affirmed.

CONOVER and GARRARD, JJ., concur.

---

**2.** If Binford had intended that the clause go to the timeliness of closing, then his attorney should have denoted it as a "time is of the essence" clause, rather than as a "condition precedent to closing" clause.

**3.** In *Baker,* the clause in the contract read "the contract is contingent upon obtaining a permit from the Health Department." The court correctly held that this clause, unlike the clauses in *Blakley* and *Billman,* was not a covenant because it failed to impose a duty on either of the parties. *Id.* at 195.