**CITY OF EAST CHICAGO, City Of East Chicago Sanitary District, George Pabey, Ralph Fabbri, Javier Madrigal, Scott Prewitt, Chatomoa Scott, Steve Udick, Adolfo Velez, Charles Pacucar, Lydia Corsbie and Milan Kluko d/b/a Worldwide Associates, Appellants,**

v.

**LAKE COUNTY TRANSFER, INC. and Anthony Portone, Appellees.**

No. 45A03–0506–CV–290.

Court of Appeals of Indiana.

Sept. 15, 2006.

Nathaniel Ruff, East Chicago, IN, John R. Ostojic, Ostojic & Scudder, LLC, Charles C. Jackson, Charis A. Runnels,

Ethan G. Zelizer, Morgan Lewis & Bockius, LLP, Chicago, IL, Attorneys for Appellants.

Rhett L. Tauber, David W. Westland, Tauber Westland & Jasaitis, P.C. Schererville, IN, Attorneys for Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Defendants, City of East Chicago (the City) et al. (collectively, the Appellants), appeal the trial court's grant of a preliminary injunction requested by Appellees–Plaintiffs, Lake County Transfer, Inc. and its President, Anthony Portone (Portone) (collectively, LCTI).

We affirm.

### ISSUE

The Appellants raise one issue on appeal, which we restate as: Whether the trial court abused its discretion in granting LCTI's request for a preliminary injunction based on its determination that no adequate remedy at law existed as to the City's early termination of its contract with LCTI.

### FACTS AND PROCEDURAL HISTORY

In 1999, pursuant to an agreement with the City of East Chicago Sanitary District (the District), LCTI began operating and managing the City's solid waste disposal transfer station (the transfer station or facility). The transfer station is a facility where solid waste is moved from the vehicle or container in which it was collected and transferred to another vehicle or container for transport to a landfill or treatment facility. On December 11, 2003, LCTI and the District entered into a second Facilities and Waste Disposal Agreement (the contract) for another four-year term, to begin January 1, 2004 and end December 31, 2007. Additionally, the contract provided that the agreement would automatically renew for another four years unless either party provided notice of termination by March 31, 2007. Further, the contract stated that the District would pay LCTI $29.25 for each ton of waste it accepted, processed, and transferred at the facility. However, LCTI also agreed to pay an annual host fee to the District for all waste, including third party waste, delivered to the facility at the rate of $.50 per ton.

On March 24, 2005, the District's Board of Directors held a meeting where Milan Kluko (Kluko), a paid consultant for the District, recommended that the District terminate its contract with LCTI for the following reasons: (1) it was possible for waste trucks to bypass the weight scales; (2) the rates LCTI negotiated were too high; (3) the District would be liable if an accident took place at the transfer station; and (4) Kluko believed that the District and the City could manage the transfer station more efficiently. Thereafter, the Board voted to terminate the contract early. Consequently, on March 29, 2005, through counsel, the City sent a letter to LCTI, notifying them of its decision to prematurely terminate the contract and asking that LCTI vacate the transfer station within thirty (30) days.

On April 21, 2005, LCTI filed a Verified Complaint and Verified Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Trial Rule 65. On the same date, an *ex parte* hearing was held, and the trial court granted LCTI's Motion for Temporary Restraining Order. On April 27 and May 2, 3, and 5, 2005, the trial court held a hearing on the motion for a preliminary injunction. On May 31, 2005, the trial court granted the preliminary injunction and issued numerous Find-

ings of Fact and Conclusions of Law. Specifically, however, this appeal concerns the appropriateness of the trial court's ordering of an equitable remedy, *i.e.* a preliminary injunction, rather than a legal remedy, *i.e.* liquidated damages provided for in the contract. The Findings of Fact and Conclusions of Law related to the trial court's choice of remedy state, in pertinent part:

## I. FINDINGS OF FACT

* * *

### LIKELIHOOD OF SUCCESS ON THE MERITS

129. That in order for [LCTI] to prevail at the preliminary injunction level, [it] must show at the preliminary injunction hearing a reasonable and/or probable likelihood of success on the merits in this cause. *Steenhoven v. College Life Ins. Co. of America*, 458 N.E.2d 661 (Ind.Ct.App.1989 [1989]). The party seeking relief is not required to prove that he will ultimately be entitled to relief. It is only necessary that the pleadings and evidence be such that they make out a case for proper injunction in equity that the status quo be maintained pending a trial on the merits. *Harvest Ins. Agency, Inc. v. Inter–Ocean Ins. Co.*, 478 N.E.2d 98, 104 (Ind. Ct.App.1985).

130. That [LCTI has] demonstrated a reasonable likelihood of success on the merits of this case. Specifically, [LCTI has] demonstrated that the [c]ontract is valid, that the District improperly terminated the [c]ontract, and that [the City] improperly interfered with [LCTI's] contractual and prospective business relationships.

131. That the reasons relied on by the District, even if they were accurate, were not reasons to terminate the [c]on-

tract as they were not "for cause" reasons to terminate the [c]ontract. Nevertheless, the reasons relied upon, both in the Mayor's Findings and through the testimony of Kluko, were not based on evidence presented to those bodies, and were inaccurate.

* * *

138. That [LCTI has] demonstrated a preliminary likelihood of success on the merits concerning the validity of the [c]ontract. The [c]ontract was properly executed, and the District Board improperly terminated the [c]ontract. Furthermore, [the City] knew of the existence of third party contracts, and the defendants have unlawfully contacted third party waste generators, which has and will result in substantial indeterminate damages to [LCTI]. The [c]ourt now finds that [LCTI has] demonstrated a reasonable likelihood of success on the merits, warranting a preliminary injunction.

### IRREPARABLE HARM

139. That the unique features of the [c]ontract make it impossible to determine the legal measure of loss and demonstrate that money damages are not ascertainable. Consequently, irreparable injury has been shown.

140. That [LCTI] must demonstrate that [its] remedies available at law are inadequate and that [it] will suffer irreparable harm pending the resolution of the action if the injunction does not issue. If an adequate remedy at law exists, injunctive relief should not be granted. *Ind. Family and Soc. Servs. Admin. v. Walgreen Co.*, 769 N.E.2d 158, 162 (Ind.2002). The trial court "has a duty to determine whether the legal remedy is as full and adequate as the equitable remedy." *Washel v. Bryant*,

770 N.E.2d 902, 906–07 (Ind.Ct.App. 2002). "A legal remedy is adequate only where it is as plain and complete and adequate—or, in other words, as practical and efficient to the ends of justice and its prompt administration—as the remedy in equity." *Id.* at 907. More importantly, a legal remedy is not adequate merely because it exists as an alternative to an equitable form of relief. *Paul v. I.S.I. Servs., Inc.,* 726 N.E.2d 318, 321 (Ind.Ct.App.2000).

141. That the damages suffered by [LCTI] as a result of the termination of the [c]ontract by the District are speculative. LCTI's third party waste generator contracts will be put in jeopardy, [LCTI] will likely lose their business, and their goodwill in the community will be irreparably injured. Moreover, [LCTI's] ability to acquire future third party waste generator contracts are [dependent] on many intangible factors, and in such a competitive market, LCTI's goodwill is crucial to [its] ability to perform its business contracts in the future.

142. That the testimony of Portone, [and the District's attorney, Anthony DeBonis, as well as LCTI's attorney, David Ranich] demonstrated there is no adequate remedy at law that would prevent the issuance of this injunction.

143. That the language of the [c]ontract itself concedes that in the event of a termination of contract, irreparable injury would be suffered by LCTI and that damages would be nearly impossible to ascertain. In other words, both [LCTI and the District] acknowledged that it is difficult to fully assess and calculate damages which [LCTI] would suffer if the [c]ontract was terminated.

144. That although the [c]ontract contains a provision for liquidated damages, the parties disagree as to whether the clause applies merely to the waste generated by the City or to all third party waste collected. Indiana law provides that when a[c]ontract is ambiguous, or susceptible to more than one reasonable interpretation, the admission of parol evidence is warranted to interpret the intent of the [c]ontract. *Binford v. Shicker,* 553 N.E.2d 845 (Ind.Ct.App.1990). Consequently, the [c]ourt is permitted to allow parol evidence.

145. That both Attorney Ranich and Attorney DeBonis testified its was the intent of both parties that the liquidated damages provision did not apply to third party waste processed and transferred at the facility. The [c]ourt now finds that the parties did not intend for the aforesaid provision to apply to third party waste.

146. That the liquidated damages provision would not adequately compensate the consequential damages due to the improper termination of the [c]ontract which will be suffered by [LCTI's] inability to perform their third party contracts as a result of the District's breach. Moreover, the damages which [LCTI] will suffer as a result of the [District's] interference with [LCTI's] contractual relationships, and business relationships[,] including a loss of goodwill and loss of future prospective business relationships, will be difficult, if not impossible, to assess.

\* \* \*

148. That the evidence presented demonstrates that there is no adequate remedy other than injunctive relief for [LCTI], and that [LCTI] will be irreparably harmed should injunctive relief not be entered. . . .

\* \* \*

150. That the injury to [LCTI] . . . clearly outweighs the potential harm to [the District] if the injunction is granted.

* * *

## II. CONCLUSIONS OF LAW

* * *

2. That in considering whether to grant or deny permanent injunctive relief, the [c]ourt must consider the following factors:

 a. Whether the Plaintiffs['] remedies at law are inadequate[,] thus causing irreparable harm pending the resolution of the substantive action on the injunction;

 b. Whether the threat and injury to the Plaintiffs outweigh the threat and harm the granted injunction would cause;

 C. Whether the public interest will be disserved in granting the preliminary injunction; and

 d. Whether the plaintiffs have demonstrated at least a reasonable likelihood of success on the merits by establishing a prima facie case.

* * *

13. That based on the above and the evidence presented, the [c]ourt now finds that [LCTI is] entitled to the issuance of a preliminary injunction.

(Appellants' App. pp. 42–49).

The trial court then entered its Judgment enjoining the District from "any act whatsoever in furtherance of the decision to terminate [the contract]." (Appellants' App. p. 49).

The Appellants now appeal. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

The Appellants argue that the trial court abused its discretion in granting LCTI's motion for a preliminary injunction. Specifically, they contend that the trial court erred in determining that the liquidated damages provision of the contract was not an adequate remedy, and that LCTI would be irreparably harmed if a preliminary injunction was not issued.

### I. Standard of Review

 The granting of a preliminary injunction is within the discretion of the trial court, and this court's review is limited to the determination of whether or not the trial court clearly abused that discretion. *Avemco Ins. Co. v. State ex rel. McCarty,* 812 N.E.2d 108, 117 (Ind.Ct.App.2004). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances, or if it misinterprets the law. *Aberdeen Apartments v. Cary Campbell Realty Alliance, Inc.,* 820 N.E.2d 158, 163 (Ind.Ct.App. 2005), *reh'g denied, trans. denied.* When determining whether or not to grant a preliminary injunction, the trial court is required to make special findings of fact and conclusions of law. *Id.* Upon review, our task is then to determine if the trial court's findings support the judgment. *Id.* We will only reverse the trial court's judgment if it is clearly erroneous. *Id.* Findings of fact are clearly erroneous when the record lacks evidence or reasonable inferences from the evidence to support them. *Id.* We will consider the evidence only in the light most favorable to the judgment and construe findings together liberally in favor of the judgment. *Id.*

 As recited in the trial court's Conclusions of Law, the discretion to grant or deny a preliminary injunction is dependent upon the following factors:

1) Whether the remedies at law available to the party seeking an injunction are inadequate, thus exposing that party to irreparable harm pending the resolution of the substantive action if the injunction does not issue;

2) Whether granting the injunction would disserve the public interest;

3) Whether the party has established a reasonable likelihood of success at trial by establishing a prima facie case; and

4) Whether the injury to the party seeking the injunction outweighs the harm to the party who would be enjoined.

*Id.; Avemco,* 812 N.E.2d at 117–18.

The moving party has the burden of showing, by a preponderance of the evidence, that the facts and circumstances entitle him or her to injunctive relief. *Indiana Family & Social Services Admin., Div. of Family and Children, Lake County Office v. Ace Foster Care and Pediatric Home Nursing Agency Corp.,* 823 N.E.2d 1199, 1204 (Ind.Ct.App.2005). If the plaintiff fails to prove any one or more of these requirements, the trial court's grant of a preliminary injunction constitutes an abuse of discretion. *Id.* Thus, the power to issue a preliminary injunction should be used sparingly, and such relief should not be granted except in rare instances where the law and facts are clearly in the moving party's favor. *Aberdeen Apartments,* 820 N.E.2d at 163.

## II. *The Contract's Liquidated Damages Provision*

Here, the Appellants assert that the contract's liquidated damages clause provides LCTI with an adequate remedy at law, and therefore the trial court should not have granted LCTI's request for a preliminary injunction. In particular, they claim that the trial court erred in finding that the liquidated damages provision was ambiguous, and consequently it erred in admitting parol evidence which suggested that the parties' intent was for the damages provision to apply only to waste generated within the City's boundaries.

Therefore, because the Appellants contend that the parties agreed to an unambiguous liquidated damages provision pertaining to all waste collected at the transfer station, including third party waste, it asserts that LCTI has an adequate legal remedy.

We begin our analysis with a brief explanation of the term, "liquidated damages," which applies when a specific sum of money has been expressly stipulated by the parties to a contract as to the amount of damages that may be recovered by either party for a breach of the contract by the other. *Rogers v. Lockard,* 767 N.E.2d 982, 990 (Ind.Ct.App.2002). Typically, liquidated damages are the amount of damages to be recovered by the non-breaching party, and are to be paid in lieu of performance of the contract. *Id.* at 990–91. Also, liquidated damages provisions are generally considered valuable, and are enforceable in situations where the calculation of actual damages would be uncertain, difficult, or impossible. *Id.* at 990.

The contract in the present case contains the following provision on liquidated damages under section 7, titled "Term of Agreement":

The term of this Agreement shall commence on January 1, 2004 and continue for forty-eight (48) months. Thereafter, this Agreement shall automatically be renewed for like period(s) of four (4) years, unless the District, no later than March 31 preceding the date of expiration of the initial four-year term or any renewal term[,] provides written notice of termination to [LCTI]. If the District does not elect to renew this Agreement for an additional term(s), the District agrees to honor [LCTI's] third party [waste disposal] contracts under their existing terms [and conditions] until they expire. [LCTI] agrees to use its

best efforts to manage, market[,] and promote the Facility and to maximize its efficiency. The parties are mindful that [LCTI] is foregoing other opportunities in order to perform at the Facility, and that the District may be the recipient of future benefits as a result of [LCTI's] efforts. Therefore, *in the event of early termination by the District, the District shall pay as liquidated damages, and not as a penalty, the sum of Five Dollars ($5.00) for each and every ton of acceptable waste delivered at the Facility for the balance of the then remaining term.* Said payment shall be made once a year in a lump sum manner within ninety (90) days of the termination date, predicated upon the previous twelve (12) month[s'] tonnage and on each anniversary date thereafter. *As it is difficult to fully assess and calculate [LCTI's] total investment at the Facility, the liquidated damages provided herein and the payment by [the] District [thereof] shall be [LCTI's] sole remedy in the event of early termination by [the] District. The parties agree that such liquidated damages are reasonable and are a result of an arms length transaction.* In the event [the] District provides a sixty (60) day notice of termination for cause, [LCTI] shall have fifteen (15) days from the date of notice to cure the deficiency which gave rise to said notice of termination for cause.

(Appellants' App. pp. 203–04).

As we already stated, the Appellants argue that this clause is unambiguous and provides LCTI with an alternate and adequate legal remedy. Nevertheless, the trial court found this provision of the contract ambiguous because the parties disagreed as to the definition of "acceptable waste," and thus disagreed as to whether, in the event of early termination, the District was required to pay liquidated damages as to waste generated by only the City, or as to all waste—including third party waste—collected at the transfer station. As a result, the trial court gathered evidence outside of the contract to determine the parties' intent as to the damages provision. Attorneys for both parties, who participated in the negotiation of the contract, testified that the liquidated damages provision was intended to apply only to waste generated by the City and collected at the transfer station, to the exclusion of third party waste.

Initially, we note that to the extent the trial court's decision turned on contract interpretation—either as an unambiguous contract or an intrinsically ambiguous one—the standard of review is *de novo.* *See Oxford Financial Group, Ltd. v. Evans,* 795 N.E.2d 1135, 1142 (Ind.Ct.App. 2003). A contract is ambiguous only if reasonable persons would differ as to the meaning of its terms. *Id.* When we interpret an unambiguous contract, we give effect to the parties' intention as expressed in the four corners of the instrument, and clear, plain, and unambiguous terms are conclusive of that intent. *Id.*

■ We agree with the argument proffered by the Appellants, specifically that the terms of a contract are not considered ambiguous because the parties dispute the proper interpretation of the terms. *See Ferrell v. Dunescape Beach Club Condominiums Phase I, Inc.,* 751 N.E.2d 702, 709 (Ind.Ct.App.2001). A contract is ambiguous only if reasonably intelligent people could honestly find the contract's provisions susceptible to more than one interpretation. *Dempsey v. Carter,* 797 N.E.2d 268, 273 (Ind.Ct.App. 2003), *trans. denied.* Here, in light of the language in the damages provision that the District shall pay a sum for *each and every ton* of waste delivered to the transfer station, we fail to find that the parties

intended to exclude third party waste. Further, we note the following excerpt from section 5 of the contract, titled "Waste Disposal Agreement," that addresses the term, "acceptable waste":

> The District will deliver or cause to be delivered to [LCTI] at the [transfer station] all acceptable waste generated within the geographical boundaries of the District *as well as any acceptable waste generated or collected by or at the direction of the District elsewhere and delivered to the [transfer station] under or pursuant to any intergovernmental or private agreement of whatever type, name or designation between the District and third parties* (all such waste referred to herein as "local waste").....
>
> For purposes of this Agreement, acceptable waste is defined to include municipal waste (as defined in [Ind.Code] § 13–11–2–133), construction and demolition waste (as defined in I.C. § 13–11–2–41), yard waste, street sweepings, post-consumer recyclables and local waste.

(Appellants' App. p. 201).

In our reading of this provision, we conclude that waste generated within the District, as well as waste delivered to the transfer station by means of contracts between LCTI and third parties, is "local waste" under the terms of the contract. Further, our evaluation leads us to conclude that "acceptable waste" *includes* local waste and the other types of waste listed; thus, "acceptable waste" is essentially a term for any and all waste accepted by the facility. This language, in conjunction with the damages provision which specifically provides that "the District shall pay as liquidated damages ... the sum of Five Dollars ($5.00) for *each and every ton of acceptable waste delivered at the Facility* for the balance of the then remaining term," leads us to the conclusion that the

District agreed to pay LCTI $5.00 per ton of waste delivered to the transfer station until December 31, 2007, in lieu of completion of the contract. (Appellants' App. p. 204).

Moreover, our review of the contract does not reveal any language that would exclude third party waste from the liquidated damages clause. When we interpret a contract, we will not add provisions that the parties did not agree upon. *Washel v. Bryant*, 770 N.E.2d 902, 906 (Ind.Ct.App. 2002). Accordingly, despite the attorneys' testimonies, the language within the four corners of the contract indicates to us that the liquidated damages provision encompasses payment for every ton of waste passing through the facility, including third party waste. Consequently, we agree with the Appellants that the trial court erred in finding that the liquidated damages provision was ambiguous and in subsequently admitting parol evidence.

 Nevertheless, this conclusion does not necessarily mean that the trial court erred in granting LCTI's motion for a preliminary injunction. As the trial court stated, a legal remedy is not adequate merely because it exists. *See Crossmann Communities, Inc. v. Dean*, 767 N.E.2d 1035, 1041 (Ind.Ct.App.2002). Thus, we must still address whether the remedy provided under the contract's liquidated damages provision is adequate, and whether LCTI would suffer irreparable harm pending resolution of the case if the preliminary injunction did not issue. *See Aberdeen Apartments*, 820 N.E.2d at 163.

### III. *Adequate Legal Remedy*

 If an adequate remedy at law exists, injunctive relief should not be granted. *Robert's Hair Designers, Inc. v. Pearson*, 780 N.E.2d 858, 864 (Ind.Ct.App. 2002). We have previously held that "the ability to obtain damages, in the form of a

money judgment for economic injury, represents an adequate remedy at law." *Indiana Family & Social Services Admin.,* 823 N.E.2d at 1204 (quoting *Daugherty v. Allen,* 729 N.E.2d 228, 235 (Ind.Ct. App.2000)). However, a party that suffers economic injury that cannot be remedied by post-trial damages is entitled to injunctive relief. *Washel,* 770 N.E.2d at 907–08. Therefore, one purpose of a preliminary injunction is to prevent harm to the moving party that could not be corrected by a final judgment. *Crossmann Communities,* 767 N.E.2d at 1042.

To decide whether an adequate remedy at law exists, the trial court is charged with determining whether the legal remedy is as full and adequate as the equitable remedy. *Id.* at 1041. "A legal remedy is adequate only where it is as plain and complete and adequate—or, in other words, as practical and efficient to the ends of justice and its prompt administration—as the remedy in equity." *Robert's Hair Designers,* 780 N.E.2d at 864 (quoting *Washel,* 770 N.E.2d at 907). Further, a legal remedy will not be deemed adequate merely because it exists. *Crossmann,* 767 N.E.2d at 1041. Nonetheless, a trial court should consider alternate remedies available to the plaintiff before it grants injunctive relief. *Id.* at 1042.

Here, because the trial court admitted parol evidence which led it to find that the liquidated damages clause was only intended to compensate LCTI for waste collected within the City's borders, it appropriately determined that such a remedy was inadequate in light of (1) evidence that the City's waste constitutes less than 20% of the waste transferred and processed at LCTI's transfer station, and (2) the District asked LCTI to vacate the facility's premises within 30 days, thereby preventing LCTI from meeting its third party contract obligations. However, now that

we have concluded that the parol evidence was improperly admitted, the Appellants would like for us to go on and conclude that the unambiguous liquidated damages clause amounts to an adequate remedy. First, the Appellants highlight that portion of the clause, which states, "the liquidated damages provided herein and the payment by District therefor[e] shall be [LCTI's] *sole remedy* in the event of early termination by District." (Appellants' App. p. 204). Additionally, we note that the contract states that the parties agreed that such an amount was reasonable.

However, we cannot ignore the trial court's Findings of Fact, which are supported by evidence in the record, that the City did not adhere to the remaining terms of the early termination / liquidated damages clause. Specifically, as found by the trial court, the record indicates that, contrary to its obligations stated in the contract, the District failed to give LCTI 60 days notice of its termination for cause, as well as failed to give LCTI 15 days from the date of notice to cure any deficiencies giving rise to the notice of termination. Furthermore, the Findings of Fact and the record support a likely conclusion that the District did not set forth any legitimate reasons for a termination for cause. In particular, the trial court's Findings point to ample evidence that Kluko's accusations against LCTI can be disproved. Therefore, we decline an invitation by the Appellants which would essentially require us to hold LCTI to the portion of the contract that binds the parties to limited liquidated damages, but at the same time, let the City and the District off the hook for not following the contract's requirements as to termination for cause.

Also, even though liquidated damages are generally paid in lieu of performance, and not as a penalty, and we are usually accepting of clauses in contracts that pro-

vide for liquidated damages, we have previously held that such sums should be treated as a penalty if the sum is grossly disproportionate to the loss which may result from a breach. *Rogers,* 767 N.E.2d at 991. In the present case, there is sufficient evidence in the record that LCTI will suffer considerable damages that are not easily calculated as a result of the City's termination of the contract. The contract itself even points out that LCTI is foregoing other business opportunities to maintain its obligation to the City and the District. Therefore, we conclude that whether $5.00 per ton of waste delivered to the transfer station is grossly disproportionate to LCTI's actual loss is a question best left for the trial court when this case is decided on its merits. Moreover, our examination of the record discloses that the contract also contains the following provision, under section 10.11: "Unless the parties expressly agree to the contrary in writing, the District and [LCTI] each agree to continue to perform their respective obligations under this Agreement during the pendency of any dispute with the other party." (Appellants' App. p. 211). Consequently, we cannot hold that the trial court abused its discretion in granting a preliminary injunction under these circumstances. Rather, the evidence is such that we agree that a preliminary injunction is proper, and that the status quo should be maintained until the case is resolved on its merits. *See U.S. Land Services, Inc. v. U.S. Surveyor, Inc.,* 826 N.E.2d 49, 67 (Ind.Ct.App.2005).

## CONCLUSION

Based on the foregoing, we conclude that although the trial court improperly admitted parol evidence to interpret the contract's liquidated damages provision, it did not err in granting LCTI a preliminary injunction.

Affirmed.

DARDEN, J., concurs.

VAIDIK, J., concurs in part, dissents in part with separate opinion.

VAIDIK, Judge, concurring in part, dissenting in part.

I agree with the majority's conclusion that the trial court erred in finding that the liquidated damages clause is ambiguous and in subsequently admitting parol evidence. However, I respectfully disagree with the majority's conclusion that the remedy found in the liquidated damages clause is inadequate. I therefore concur in part and dissent in part.

The trial court's discretion to grant or deny a preliminary injunction is measured by several factors: (1) whether the plaintiff's remedies at law are inadequate, thus causing irreparable harm pending the resolution of the substantive action if the injunction does not issue; (2) whether the plaintiff has demonstrated at least a reasonable likelihood of success at trial by establishing a prima facie case; (3) whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction may inflict on the defendant; and (4) whether, by the grant of the preliminary injunction, the public interest would be disserved. *City of Gary v. Mitchell,* 843 N.E.2d 929, 933 (Ind.Ct.App. 2006) (quotation omitted). In order to grant a preliminary injunction, the moving party bears the burden of showing, by a preponderance of the evidence, that the facts and circumstances entitle it to injunctive relief. *Id.* "The power to issue a preliminary injunction should be used sparingly, and such relief should not be granted except in rare instances in which the law and facts are clearly within the moving party's favor." *Id.*

The only issue on appeal concerns the first factor, that is, whether LCTI proved

by a preponderance of the evidence that its remedy at law is inadequate. The District does not challenge the other preliminary injunction factors. *See* Appellant's Br. p. 2 ("This appeal, instead, focuses on the narrow issue of whether [LCTI] met its burden of establishing that the legal remedy afforded it under the liquidated damages provision of the Contract was inadequate, and that it therefore suffered irreparable harm."). Therefore, for purposes of this appeal, it is assumed that LCTI has demonstrated at least a reasonable likelihood of success at trial by establishing a prima facie case that the District breached the contract.

If an adequate remedy at law exists, injunctive relief should not be granted. *Pathfinder Commc'n Corp. v. Macy*, 795 N.E.2d 1103, 1115 (Ind.Ct.App.2003). To decide whether an adequate remedy at law exists, the trial court is charged with determining whether the legal remedy is as full and adequate as the equitable remedy. *Id.* "A legal remedy is adequate only where it is as plain and complete and adequate-or, in other words, as practical and efficient to the ends of justice and its prompt administration—as the remedy in equity." *Id.* The power to issue a preliminary injunction should be used sparingly, and such relief should not be granted except in rare instances in which the law and facts are clearly within the moving party's favor. *Barlow v. Sipes*, 744 N.E.2d 1, 5 (Ind.Ct.App.2001), *trans. denied.*

In determining whether LCTI proved by a preponderance of the evidence that its remedy at law is inadequate, I observe that the liquidated damages clause itself provides that "the liquidated damages provided herein and the payment by District therefor[e] shall be [LCTI's] *sole remedy* in the event of early termination by District." Appellant's App. p. 204 (emphasis added). The clause also provides, "The

parties agree that such liquidated damages are reasonable and are a result of an arms length transaction." *Id.* Finally, LCTI attempted to prove that its remedy at law was inadequate by arguing that the liquidated damages provision was ambiguous and therefore was only intended to compensate LCTI for waste collected within the City's borders. However, the majority correctly rejected this argument and found the clause to be unambiguous, meaning that the District must pay LCTI for all waste delivered to the facility, not just waste generated by the City. In light of the strong language in the liquidated damages clause to which two sophisticated parties agreed and the fact that the clause applies to all waste delivered to the facility, I can only conclude that LCTI has failed to prove by a preponderance of the evidence that the remedy found in the liquidated damages clause is as plain and complete and adequate as the remedy in equity, thereby making injunctive relief improper.